UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff | :<br>:<br>: |
| v. | :   File No. 1:03-CV-211 |
| | : |
| JOSEPH RINALDI,<br>    Defendant | :<br>: |

## ORDER

By mandate of the United States Court of Appeals for the Second Circuit filed January 28, 2008, this Court's Order granting summary judgment and dismissing plaintiff's claims against defendants the Newbury Bible Church, the Newbury Christian School, and the Newbury Bible Church and School, was AFFIRMED.

The only remaining claim is a direct liability claim against defendant Joseph Rinaldi (hereinafter "Rinaldi") and is set forth in Count I of plaintiff's Complaint (Doc. 1).  The plaintiff filed an application for entry of default as to Rinaldi, and default was entered September 12, 2005 for his failure to plead, file a verified answer or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On February 20, 2008, plaintiff filed his motion for default judgment against Rinaldi and on May 1, 2008, the Court held a hearing on damages.  The events leading to the hearing on damages have been thoroughly explored in several opinions of this Court, the Court of Appeals and the Vermont Supreme Court.  The

May 1, 2008 hearing was held to determine the amount and type of damages to be awarded against Rinaldi.  Three witnesses testified at the May 1 hearing:  plaintiff John Doe (hereinafter "Doe," who is now 24 years old), his mother and father.

Based upon the evidence, the Court finds as follows: While attending the Newbury Christian School, Doe was fondled inappropriately on at least four occasions by Rinaldi, the pastor of the Newbury Bible Church and principal of its school.  Rinaldi and his wife were friends of the Doe family.  Doe did not reveal the molestation by Rinaldi until he left the School after the eighth grade and moved to Maine where he resides with his mother.  By that time, his parents had separated and divorced.  Doe's father remained in New Hampshire where the family had lived at the time he was attending the Church and School.

When Doe moved to Maine with his mother and half-siblings, he received counseling because of "anger" problems which his mother felt were a result of the divorce.  The counseling led to Doe's revealing the molestation by Rinaldi, which he and his mother reported to authorities.  Rinaldi was convicted in Vermont of lewd and lascivious conduct with a minor and sentenced to prison.

According to his father, Doe was a "happy kid" before he entered the School, but became withdrawn and difficult to communicate with as he progressed through his schooling.  At the same time his parents began to experience marital difficulties, which ironically led to their seeking counseling with Rinaldi.  Doe's father believes Rinaldi destroyed his son's childhood and contributed to the breakdown of the marriage.

Doe's mother believes the impact of Rinaldi's actions have been substantial. Her son has a difficult time interacting with others; he "bottles up" his emotions and when triggered, explodes with anger. He is unable to remain in a stable relationship, and lets others bully him because he does not want to "rock the boat" or upset them. She attributes this behavior to the assaults by Rinaldi, and agrees that he was "robbed" of a normal childhood. Doe would not discuss Rinaldi's behavior with his parents because Rinaldi ordered him not to do so. She confirmed the marriage failed because of anger among family members, including Doe.

After moving to Maine, he attended high school and the University of Maine for a short period of time. Doe worked on a lobster boat and is now employed with a boat-building company. He was married in May 2007, but is now in the midst of divorce proceedings. It is difficult for Doe to express his psychological problems resulting from his contact with Rinaldi, but agrees he has "intimacy" issues, feels uncomfortable when someone rubs his leg and is not good at expressing his emotions. Although he has not sought counseling for issues resulting from Rinaldi's behavior, he has seen a counselor for other personal problems.

It is apparent Doe has suffered significant emotional and psychological scarring from the criminal molestations by his former pastor and principal and deserves to be compensated. As always, it is difficult to place a monetary amount on the abhorrent and disgusting conduct exhibited by Rinaldi, but the Court concludes from the evidence presented at the May 1 hearing and the pleadings in the file, that plaintiff Doe's compensatory damages are in the amount of $150,000. Since the Court finds that Rinaldi's acts are wanton, reckless, willful and in utter

disregard of the plaintiff's rights, it awards an additional $100,000 in punitive damages.  See State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003) and Shahi v. Madden, 2008 WL 615079 (Mar. 7, 2008).

Doe has also requested attorney's fees, but since the sole remaining count results from diversity between the parties and was not brought under a federal or state statute specifically authorizing the award of attorney's fees, his request is DENIED.  The supporting authority submitted by counsel does not support an award of attorney's fees as Rinaldi did not cause the plaintiff "to incur additional litigation expenses in order to protect [his] interests."  In re Appeal of Gadue, 544 A.2d 1151, 1155 (1987).

Accordingly, the Court makes the following award of damages to plaintiff John Doe:

(1) compensatory damages in the amount of $150,000; and

(2) punitive damages in the amount of $100,000.

Plaintiff's request for attorney's fees is DENIED.  The Clerk is instructed to enter default judgment against defendant Joseph Rinaldi as provided herein.  On or before July 11, 2008, counsel shall file a request for taxation of costs, pursuant to Federal Rule of Civil Procedure 54, only in connection with the portion of the lawsuit against defendant Joseph Rinaldi.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of June, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge